**Dated: February 19, 2025.**

CHRISTOPHER G. BRADLEY
UNITED STATES BANKRUPTCY JUDGE

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-10999-cgb |
| TODD BENJAMIN SCHLOMER, | § | |
| | § | Chapter 11 |
| Debtor. | § | |

### OPINION ON RETENTION AND COMPENSATION OF COUNSEL BY DEBTORS-IN-POSSESSION FOR NON-ESTATE MATTERS AND ORDER SETTING HEARING TO RECONSIDER HAYWARD RETENTION ORDER IN CERTAIN RESPECTS

### Introduction

In this opinion, the Court lays out its views on the requirements for retention and compensation of counsel for the *debtor* (and not the *estate*) in a Chapter 11 case where the debtor remains in possession. The Court's view at this time is that debtors may retain counsel for non-estate matters without court approval and may pay them from non-estate funds—subject to the disclosure and reasonableness requirements of section 329 of the Bankruptcy Code and, of course, to the debtor-in-possession's ongoing obligation never to act contrary to its fiduciary duties to the estate as a whole, including in its actions (retention, supervision, compensation, etc.) with respect to its own litigation and counsel retained on its (and not the estate's) behalf.

1

Because this view may be inconsistent in certain respects with a retention order signed in this case, the Court sets a hearing to reconsider that order. The Court does so not because it perceives any problems with the counsel retained to represent the debtor; rather, the reconsideration is intended to place that counsel's retention and compensation on more solid footing and prevent complications later in the case, including after-the-fact challenges to that counsel's being entitled to fees for which it has worked.

## Background

On October 11, 2024, the Court entered an order [ECF No. 32] (the "Hayward Retention Order") approving the Debtor's retention of Hayward PLLC ("Hayward") as special counsel for Todd Schlomer (the "Debtor"), the debtor and debtor-in-possession in this Chapter 11 case. The Hayward Retention Order approved the retention of Hayward to represent the Debtor in an anticipated lawsuit seeking to hold certain debts nondischargeable in the Debtor's bankruptcy.[1] Two days before filing bankruptcy, and by agreement with the Debtor, Hayward undertook this representation on a flat-fee basis, with a non-refundable $60,000 fee paid in full at that time, apparently from the Debtor's personal funds.[2]

In the Hayward Retention Order, the Court approved Hayward's employment under section 327(e) of the Code and Hayward's flat fee compensation structure under section 328(a) of the Code. The Hayward Retention Order also stated that "notwithstanding the foregoing, at the Hayward's fees shall be subject to the filing of a final fee application pursuant to 11 U.S.C. § 330." Separately, Hayward filed a notice of its compensation pursuant to the requirements of section 329(a) of the Bankruptcy Code.[3]

Pursuant to Federal Rule of Bankruptcy Procedure 9024 and section 105(a) of the Bankruptcy Code, the Court *sua sponte* will hold a hearing (the "Hearing") on whether to reconsider the Hayward Retention Order for the following reason: to clarify that Hayward need not and does not represent the interests of the bankruptcy estate but rather the Debtor personally and, accordingly, that Hayward need neither

---

[1]   The anticipated suit was filed and is pending as adversary proceeding number No. 24-01065 before this Court.

[2]   *See* Application to Employ Hayward, ECF No. 27, at ¶¶ 5–6, 17, Exh. C. Nothing in this Opinion or Order is intended to express a view one way or the other as to the propriety of this transfer; it is restricted to consideration of the applicability of sections 327, 328, and 330 of the Bankruptcy Code.

[3]   ECF No. 21.

be retained under section 327 nor have its compensation governed by sections 328 or 330.

## Legal Background and Analysis

A crucial distinction in bankruptcy is between the *debtor*—that is, the individual or entity that files for bankruptcy or is involuntarily petitioned into bankruptcy—and the *estate* that is created when the bankruptcy is filed. This distinction is most apparent in Chapter 7 bankruptcy cases, in which a trustee is appointed to administer the *estate*, including for instance by retaining lawyers and other professionals,[4] while the *debtor* is left to retain counsel or otherwise take steps to pursue its interests on its own, without access to estate property.[5] Commonly, then, Chapter 7 debtors pay their counsel before they file for bankruptcy, or if litigation arises during the bankruptcy, they draw on their exempt property or upon family and friends to help pay their legal bills.[6]

The distinction is more difficult to draw in other chapters of the Code. For instance, in Chapter 11 cases, debtors commonly act as the trustee for the estate, thus being known as debtors-in-possession,[7] and thus taking on a fiduciary duty to take account of the estate as a whole,[8] including creditors with whom they may lock horns prior to or during the bankruptcy. At the same time, a debtor still may protect itself—including by hiring counsel—in various proceedings that may not benefit or even affect the estate, such as family or criminal or tax or a multitude of other sorts of matters.[9] Of course, the distinction between the debtor's and the estate's interests

---

[4]   *See, e.g.*, 11 U.S.C. §§ 327, 704.

[5]   A Chapter 7 debtor must cooperate with the trustee in various ways, *see, e.g.*, 11 U.S.C. § 521(a)(3), but this is different from owing a duty to the estate.

[6]   *Lamie v. U.S. Trustee*, 540 U.S. 526, 537 (2004). This aspect of our current law is not without its difficulties. *See, e.g.*, Final Report of the ABI Commission on Consumer Bankruptcy 89–99 (2019); *In re Baur*, 658 B.R. 930, 935, 949–50 (Bankr. E.D. Mo. 2024). But even if the Code were to change to permit some compensation for Chapter 7 debtor representation, the distinction between debtor and estate would remain an important one.

[7]   11 U.S.C. § 1107(a).

[8]   See discussion below at notes 22–28 and accompanying text.

[9]   *See, e.g.*, *Keate v. Miller (In re Kohl)*, 95 F.3d 713 (8th Cir. 1996) (holding that debtor's efforts to protect exempt homestead from foreclosure and to reaffirm and renegotiate her tax debts did not benefit the Chapter 11 estate); *In re Young*, No. 11-12554-J7, 2012 WL 6091102, at *6 (Bankr. D.N.M. Dec. 7, 2012) ("Fees that benefit only the Debtors as individuals and not in their capacities as debtors in possession provide no benefit to the estate in a Chapter 11 case and are not compensable from assets of the estate.").

can sometimes be blurred. Courts have long struggled, for instance, with how and to what degree individual debtors' divorce counsel may benefit the estate and therefore be retained under section 327.[10] And sometimes the same lawyer performs services that benefit the estate as well as services that benefit only the debtor, and the fees must be disentangled.[11]

But the general rule is that if the professional services do not benefit the estate, then they cannot be paid from estate assets. This can be a harsh result, particularly in cases involving individuals. Congress softened the rule for similar situations faced by debtors in Chapter 12 and Chapter 13 bankruptcy proceedings[12]—but it has not done so in Chapter 11.[13] The presence of those exceptions for *other* chapters but not Chapter 11 strongly supports the conclusion that compensation from estate funds for activities solely benefitting the debtor is not appropriate in Chapter 11 cases.

The Code implements these principles by imposing numerous requirements when a "trustee"—which, again, includes a debtor-in-possession—wishes to retain lawyers or other professionals to represent the estate and when professionals wish to be compensated with estate assets. These requirements are contained (among other places[14]) in sections 327 through 330 of the Code and various of the Federal Rules of Bankruptcy Procedure. Although we commonly refer to counsel retained under this body of law as *debtor's counsel*, in fact more accurate terms would be *bankruptcy estate's counsel*, *trustee's counsel*, or *debtor-in-possession's counsel*.

What about actual *debtor's* counsel in Chapter 11? The Code is comparatively quiet concerning the requirements for debtors to hire or pay counsel on their *own*

---

[10] *See, e.g.*, *In re Goldstein*, 383 B.R. 496, 502 (Bankr. C.D. Cal. 2007) ("In this case, authorizing each joint debtor to employ respective divorce counsel is in the best interest of the two estates involved in this case."); *In re Colin*, 27 B.R. 87 (Bankr. S.D.N.Y. 1983) (permitting Chapter 11 individual debtor-in-possession to retain special counsel to pursue divorce action).

[11] *See, e.g.*, *In re Polishuk*, 258 B.R. 238 (Bankr. N.D. Okla. 2001) (sifting through each aspect of fee application of counsel to determine what benefitted the estate and what did not).

[12] *See* 11 U.S.C. § 330(a)(4)(B); *In re Gaytan*, No. 23-30602, 2023 WL 8707093 (Bankr. W.D. Tex. Dec. 15, 2023) (permitting retention of state court litigation counsel to be paid in part by estate assets).

[13] William L. Norton III, *Need for Bankruptcy Code Reform for Individual Chapter 11 Cases* (Am. Bank. Inst. J. Sept. 22, 2023), at 22.

[14] *E.g.*, 11 U.S.C. § 504 (regulating fee sharing).

behalf. There are no particular guidelines for who the debtor can retain.[15] Section 329 provides that counsel representing debtors "in a case under this title, or in connection with such a case," must disclose fees and that the court may review them,[16] but it does not contain, for instance, strict requirements that the work benefitted the *estate*. This makes sense because, as noted, the work may be just for the debtor and may or may not also benefit the estate.

Numerous courts have explained these distinctions in Chapter 7 cases and in Chapter 11 cases in which the debtor is *not in possession* and thus not acting as the trustee.[17] The cases applying these distinctions in Chapter 11 cases in which debtors *remain in possession* are fewer and provide less clear guidance in some respects. Still, this Court believes the answer is relatively clear: debtors do *not* need to run the full retention and compensation gauntlet when retaining counsel to represent themselves and not the estate.

To see why this is so, imagine a case in which a debtor needed to retain counsel—say, for a tax matter or a criminal case or a family dispute—but the counsel would meet neither the standard of § 327(a) or (e). This Court believes such a retention is permitted even without the Court's approval; indeed, denial of the debtor's ability to obtain counsel under those circumstances would be a remarkable

---

[15] The issue is more complicated in Chapter 12 and Chapter 13 because, as noted, even attorneys for the debtor and not the estate may seek approval of fees under § 330(a)(4)(B), and thus perhaps closer court supervision from the outset could be warranted. Some cases seem to suggest this might be the case. *Cf. Morris v. King (In re Rosales)*, 621 B.R. 903, 922 (Bankr. D. Kan. 2020) (collecting cases on both sides of whether Chapter 13 debtors need to seek approval under § 327 to retain attorneys on non-bankruptcy matters, indicating the "better-reasoned" answer is likely "no"); *In re Powell*, 314 B.R. 567 (Bankr. N.D. Tex. 2004) (holding that court approval was not needed to retain divorce counsel and granting some fees of divorce attorney in Chapter 13 case pursuant to § 330(a)(4)(B)); *Wright v. Csabi (In re Wright)*, 578 B.R. 570, 581 (Bankr. S.D. Tex. 2017) (requiring Chapter 13 debtor's tort lawyer to be retained under § 327 as special counsel, in part because local rule included such requirement).

[16] Section 329 is implemented in part through Bankruptcy Rule 2017, and it is generally interpreted broadly. *See, e.g., In re Fair*, No. 15-33400, 2016 WL 3027264, at *13 (Bankr. N.D. Tex. May 18, 2016) ("These provisions apply to every attorney employed by every debtor in every chapter, regardless of the purpose for which the attorney is retained, and notwithstanding the fact that an attorney will not be seeking formal employment by, nor compensation from, the bankruptcy estate."); *In re Gorski*, 519 B.R. 67 (Bankr. S.D.N.Y. 2014) (discussing broad sweep of section 329 required disclosures and consequences of failing to comply).

[17] *In re Trinsey*, 115 B.R. 828, 832 (Bankr. E.D. Pa. 1990) (collecting cases).

deprivation. The principle can be put more formally and expressed in the Code's language. Recall that the debtor-in-possession has the rights and duties of a trustee. The Code's retention requirements speak in terms of the trustee hiring professionals to help it discharge its duties as trustee, but those provisions do not, in this Court's view, regulate the debtor's retention of counsel for its own sake. Thus, when discharging its duties as trustee, the debtor-in-possession may only retain counsel pursuant to the Code's requirements, in order to represent the estate. But so long as the debtor's interests do not *conflict* with the estate's, the debtor can take actions to benefit itself, including by hiring lawyers to represent its interests. Nor does the Code specifically limit the debtor's ability to pay compensation out of non-estate assets, aside from the requirements of section 329 of the Bankruptcy Code.[18]

This framework can be applied fairly confidently to nondischargeability actions. Generally speaking, adversary proceedings seeking to except a particular debt from discharge, while of course very important to *debtors* as well as the affected creditors, do not directly impact the *estate*.[19] Nondischargeability proceedings primarily impact not the bankruptcy but whether the debts at issue will be discharged and thus removed from the debtor's post-bankruptcy life. Because of this distinction, the Court is unlikely to be able to approve Hayward's fees under section 330. The Code straightforwardly requires that in order for fees to be approved under section 330, the services that generated the fees must have been "reasonably likely to benefit the debtor's estate" or "necessary to the administration of the case."[20] Nondischargeability litigation is very unlikely to meet this standard. As noted, the Code provides an exception to this general requirement of benefit to

---

[18] Of course, transfers of the debtor's assets immediately prior to a bankruptcy proceeding may also be subject to avoidance under various provisions of bankruptcy law, and retainers in which the debtor still has an equitable interest as of the petition date may become property of the estate and complicate non-estate counsel's ability to be paid. *See generally* 11 U.S.C. §§ 541–51; *Arens v. Boughton (In re Prudhomme)*, 43 F.3d 1000, 1004 (5th Cir. 1995); *Barron v. Countryman*, 432 F.3d 590 (5th Cir. 2005); *Wootton v. Ravkind (In re Dixon)*, 143 B.R. 671 (Bankr. N.D. Tex. 1992); *In re Miell*, 2009 WL 2253256, at *1–4 (Bankr. N.D. Iowa July 27, 2009). But the potential avoidability or recovery of any prepetition transfers are beyond the scope of this opinion and order as well as of the original Hayward Retention Order.

[19] *See, e.g.*, *Stewart v. Law Offices of Dennis Olson*, 93 B.R. 91, 95 (N.D. Tex. 1988); *In re Jones*, 665 F.2d 60 (5th Cir. 1982) (adopting rule, under pre-Bankruptcy Code law, that "attorneys' fees related to defending against objections to the discharge are not payable out of the estate"); *Polishuk*, 258 B.R. at 249–50 (finding, in Chapter 11 case in which debtor was in possession, that nondischargeability litigation with ex-spouse did not benefit the estate and therefore the fees could not be paid from estate assets).

[20] 11 U.S.C. § 330(a)(4)(A)(ii).

6

the estate in Chapter 12 and Chapter 13 cases; in cases under those chapters, under some circumstances, it permits compensation for representing the interests of not the estate but merely the debtor.[21] But Chapter 11 is not within this exception.

There is one more important addition to the analysis above, which is that debtors and their non-estate counsel still face some additional constraints so long as the debtor remains in possession. Debtors-in-possession have a fiduciary duty to the estate. "[A] debtor in possession holds its powers in trust for the benefit of creditors. The creditors have the right to require the debtor in possession to exercise those powers for their benefit."[22] This weighty and crucial responsibility cannot be pushed aside; it is the burden that the debtor undertakes for the benefit of remaining in possession. Upholding this duty may prove especially difficult in individual Chapter 11 cases, where personal preferences are inevitable and may be hard to discard; and particularly so when there is bad blood between creditors and the debtor-in-possession. "A fiduciary owes certain duties to its beneficiaries, including the utmost duty of good faith and loyalty. In the bankruptcy context, these duties generally require the DIP's management . . . to put aside their self-interest and make decisions based on the collective best interests of their beneficiaries."[23] The duty of loyalty, in specific, "includes an obligation to refrain from self-dealing, to avoid conflicts of interests and the appearance of impropriety, to treat all parties to the case fairly and to maximize the value of the estate."[24]

---

[21]  11 U.S.C. § 330(a)(4)(B). See discussion above, note 13 and accompanying text.

[22]  *CHS, Inc. v. Plaquemines Holdings, L.L.C.*, 735 F.3d 231, 238 (quoting *Yellowhouse Machinery Co. v. Mack (In re Hughes)*, 704 F.2d 820, 822 (5th Cir. 1983)).

[23]  Michelle M. Harner, *The Search for an Unbiased Fiduciary in Corporate Reorganizations*, 86 Notre Dame L. Rev. 469, 488 (2011) (citations omitted). Professor (now Judge) Harner collects numerous cases supporting and elaborating these propositions. *Id.* at nn. 82–85. Some canonical statements are located at *Slater v. Smith (In re Albion Disposal, Inc.)*, 152 B.R. 794, 801–02 (Bankr. W.D.N.Y. 1993); *In re Microwave Prods. of Am., Inc.*, 102 B.R. 666, 671 (Bankr. W.D. Tenn. 1989); *Ford Motor Credit Co. v. Reynolds & Reynolds Co. (In re JKJ Chevrolet, Inc.)*, 26 F.3d 481, 485 (4th Cir. 1994). *See also* Stephen J. Lubben, *Taking Corporate Bankruptcy Fiduciary Duties Seriously*, 49 J. Corp. L. 549 (2024); Christopher Hampson, *Bankruptcy Fiduciaries*, 110 Iowa L. Rev. (forthcoming 2025), *available at* https://papers.ssrn.com/sol3/papers.cfm?abstract_id=4730736.

[24]  *Lange v. Schropp (In re Brook Valley VII, Joint Venture)*, 496 F.3d 892, 900–01 (8th Cir. 2009) (quoting language now located (somewhat modified) at 7 *Collier on Bankruptcy* ¶ 1108.09[1] (16th ed. 2017)).

Because of this fiduciary duty, both debtors-in-possession and their counsel[25] must remain vigilant to make sure that they do not act contrary to the interests of the estate, including in their litigation decisions.[26] Of course, debtors-in-possession are entitled to vigorously litigate any proceedings in which they are personally entangled, but they must ensure that their doing so does not damage the bankruptcy estate or impair their ability to discharge their duties as trustee. If it becomes clear that debtors' parochial interests conflict with those of the estate, debtors must remove themselves (or be removed) from their role as trustee/debtor-in-possession.[27] Even the likelihood or substantial possibility of such a conflict should be a cause for

---

[25]   *See, e.g.*, *In re Texasoil Enters., Inc.*, 296 B.R. 431, 435 (Bankr. N.D. Tex. 2003) ("Counsel's job is to guide the debtor's management to ensure that it performs its fiduciary duties in dealing with the debtor's business and its control of the estate. While counsel to a debtor in possession may not owe a duty directly to creditors, counsel does have an obligation to ensure the debtor properly maintains the estate"); *Hilal v. Williams (In re Hilal)*, 534 F.3d 498, 501 (5th Cir. 2008) ("[B]ankruptcy professionals who are to be compensated by the estate bear fiduciary responsibilities of high order to the estate and creditors."); Lubben, *supra* note 23, at 563 n.97 (collecting cases for duties of estate professionals). The particular duties of *non-*estate professionals retained by a debtor-in-possession to represent it and not the estate have not, so far as this Court can tell, been elaborated, but at a bare minimum, they surely involve not encouraging or participating in a breach of the debtor's duties.

[26]   As the *Collier* treatise observes: "Obviously, the role of the debtor in possession is riddled with inherent conflicts. The conflicts of an attorney who represents the debtor in possession because of the fiduciary overlay inherent in bankruptcy cases as well as purely ethical obligations of any attorney may be multiplied. The attorney must therefore carefully balance not only obligations to the client, but also the additional fiduciary and ethical obligations imposed by the bankruptcy courts in the context of a bankruptcy case." 1 Collier on Bankruptcy ¶ 8.01[3][a][i] (16th ed. 2016).

[27]   *See, e.g.*, *In re Soundview Elite, Ltd.*, 503 B.R. 571, 582 (Bankr. S.D.N.Y. 2014) (ordering appointment of trustee because "[i]t is wholly unrealistic to expect the Debtors' current management to appropriately investigate and prosecute potential breach of fiduciary duty actions and avoidance actions so long as current management, which will be the focus of much of the investigation, remains in place"); *Okla. Refining Co. v. Blaik (In re Okla. Refining Co.)*, 838 F.2d 1133, 1135–36 (10th Cir. 1988) (approving trustee appointment in part because "debtor was in the awkward position of having to decide whether or not to sue itself," and noting that "[t]here are many cases holding that a history of transactions with companies affiliated with the debtor company is sufficient cause for the appointment of a trustee where the best interests of the creditors require"); *In re Veblen W. Dairy LLP*, 434 B.R. 550, 555 (Bankr. S.D. 2010) (ordering appointment of trustee in part because "the record is abundant and alarmingly clear that an independent entity needs to assess the case for possible voidable pre-petition preferences and fraudulent or constructively fraudulent conveyances"); *In re Embrace Sys. Corp.*, 178 B.R. 112, 128–29 (Bankr. W.D. Mich. 1995) (holding appointment of trustee warranted because the principal of the debtor was conflicted).

significant and sober consideration by debtors and their counsel (on whom debtors inexperienced in bankruptcy may especially rely).[28]

## Application

The Court wishes to set the Hearing to determine whether it should modify the Hayward Retention Order. Most importantly, the Court is concerned that the requirement in the Hayward Retention Order that Hayward's fees be subject to a fee application under section 330 might render the Court unable to approve Hayward's fees in whole or in part because it ultimately served the debtor and not the estate. The Court wishes to clarify this matter in advance, in order to avoid being bound to disapprove fees due to the strictures of section 330, when this might represent an inequitable result as to Hayward after it expended significant and valuable time and effort on behalf of its client. The Court doubts that approval under section 330 is necessary or indeed proper, because, again, the purpose for which Hayward has been retained is not to benefit the estate but rather to defend the debtor in an adversary proceeding seeking to hold certain debts nondischargeable under section 523, which as discussed above is generally not considered a matter that benefits the estate.

Although it may be a matter of less consequence, the Court is also doubtful that Hayward needs to be retained under section 327(e) of the Code.[29] While that section permits prepetition counsel to the debtor to be retained for special purposes (usually ancillary litigation of some sort), it nonetheless requires a demonstration of benefit to the estate that may be lacking here.

To be very clear, nothing in this Order should be interpreted as a criticism of Hayward or its lawyers. The Court has no indication of Hayward behaving inappropriately. The Court merely wishes to clarify that the retention under section 327 is unnecessary and that fees need not be approved as "reasonable and necessary" expenses of the *estate* pursuant to section 328 or 330, and it therefore wishes to remove all of that from the Hayward Retention Order. The Court believes that Hayward likely included these provisions out of an abundance of caution, and perhaps doing so as a prophylactic measure would be wise in courts that may disagree with this Court and believe such approvals necessary. But as this Court understands the law explained above, it is unnecessary and perhaps harmful down

---

[28] *See, e.g.*, *In re Berg*, 268 B.R. 250, 262 (Bankr. D. Mont. 2001) (collecting cases and discussing duties of attorneys even in "a difficult case, perhaps with a difficult client").

[29] The Court also doubts the applicability of section 328, although that is less important than the other aspects of the Hayward Retention Order.

9

the road. The Court does not wish this to remain a "loose end" that could require it to disapprove Hayward's compensation at some later point in the case.

**IT IS THEREFORE ORDERED AND NOTICE IS HEREBY GIVEN AS FOLLOWS:**

For the reasons stated above, the Court will hold the Hearing to reconsider the Hayward Retention Order on **March 4, 2025**, at 12:00 p.m., at https://www.zoomgov.com/my/bradley.txwb via Zoom or Meeting ID: 160 1114 1085.

At the Hearing, the Court proposes to reconsider the Hayward Retention Order and take the following course of action unless persuaded to do otherwise by a party-in-interest or by its own further analysis:

1. holding that Hayward is not, and need not be, retained under section 327(e); in other words, that Hayward does not need for its retention to benefit the estate or to be approved by this Court in order to continue representing the Debtor in the nondischargeability adversary proceeding;

2. holding that Hayward's compensation is not approved under section 328 or subject to review under section 330 of the Bankruptcy Code but rather is subject only to the limited review provided under section 329 of the Bankruptcy Code.

Hayward, the U.S. Trustee, and any other party-in-interest may be heard on these and all other matters relating to the reconsideration of the Hayward Retention Order. All parties-in-interest who wish to be heard on this matter should appear and urge their position at the Hearing.

# # #